IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:94-CR-97-F-1
No. 5:15-CV-224-F

| | | |
|---|---|---|
| RICKY LEE GROVES, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on a number of motions filed by Petitioner Ricky Lee Groves. The primary motion is a Motion for Reconsideration [DE-645] pursuant to Rule 59(e). Accompanying that motion are also a Motion for Judicial Notice [DE-656]; Motion to Strike [DE-652]; Motion to Impose Sanctions Under Rule 11 [DE-650]; and two Motions for Extension of Time [DE-649, -653]. The Motions for Extension of Time [DE-649, -653] and Motion for Judicial Notice [DE-656] are ALLOWED.[1] The Motion to Strike [DE-652] and Motion to Impose Sanctions [DE-650] are DENIED. The Motion for Reconsideration [DE-645] has been fully briefed and is ripe for review. For the reasons stated herein, the motion is ALLOWED IN PART and DENIED IN PART.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 1994, a jury convicted the petitioner of various charges including, among others, Count Two for operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848, and Count Three for using a firearm during a drug trafficking crime, in violation of

---

[1] "A court may take judicial notice of its own records in prior proceedings involving the same parties." *Hinton v. Holding*, No. 5:07-CT-3057-D, 2010 WL 9541342, at *3 (E.D.N.C. May 25, 2010) (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

18 U.S.C. § 924(c)(1). *See* Jury Verdict [DE-146]. On February 16, 1995, the court sentenced the petitioner to a life sentence on Count Two and to sixty months on Count Three, the latter to be served consecutively to the former. *See* Judgment [DE-174] at 2. At sentencing, the court adopted the presentence report with no changes.[2] The guideline range for Count Two was 360 months to life. Because the court (1) found Groves to have been an organizer or leader of a continuing criminal enterprise, and (2) found Groves to have been accountable for more than 1.5 kilograms of crack cocaine, a mandatory life sentence was imposed. The petitioner appealed, and on September 12, 1996, the Fourth Circuit Court of Appeals affirmed in an unpublished opinion [DE-258].

On September 22, 1997, the petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 [DE-269]. The motion was dismissed as time-barred. *See* Order of September 25, 1997 [DE-270].

On July 28, 2011, Petitioner Groves filed a petition pursuant to 28 U.S.C. § 2241. *See Groves v. Stephens*, 5:11-HC-2145-FL [DE-1]. In his petition, Groves challenged the legality of his detention on his conviction in Count Three, based on the Supreme Court's holding in *Watson v. United States*, 552 U.S. 74, 83 (2007) (holding that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs"). The court allowed Groves's § 2241 petition "to the extent that Groves seeks to vacate his conviction and sentence in Count Three." *See* Order of October 9, 2013 [DE-612] at 4. The court entered an amended judgment, which removed Count Three, but otherwise left alone the sentences for Count Two and the other remaining charges. *See* Am. J. [DE-613]. The statutory range for Count Two remained twenty years up to a possible life sentence; the guideline imprisonment range also remained 360 months

---

[2] A two-level firearm enhancement was not applied when calculating the guideline range for Count Two due to Groves's conviction for Count Three. Count Three mandated a consecutive sentence of five years.

2

to life based on the drug weight for which the petitioner was held accountable. This drug weight was based on the relevant conduct in the pre-sentence investigative report, which the court adopted without change. At the original sentencing, the court overruled the defendant's objection regarding drug weight not presented at trial and considered all relevant conduct.

Petitioner Groves appealed the amended judgment on the basis that "the district court, without acknowledging its authority to order a resentencing hearing on the remaining convictions, erroneously entered an amended judgment reinstating a sentence that was imposed under a now unconstitutional mandatory sentencing scheme." *United States v. Groves*, 592 F. App'x 145, 146 (4th Cir. 2014).[3] The Fourth Circuit affirmed. *See id.*

On May 22, 2015, Groves filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE-641]. The court dismissed the motion because the motion was a successive § 2255 motion, but did so without prejudice, allowing Groves to first seek pre-filing authorization from the Fourth Circuit Court of Appeals. *See* Order of May 27, 2015 [DE-643]. Groves has moved for reconsideration of that order, arguing that his § 2255 motion is not successive because the Amended Judgment removing Count Three of his original conviction renews his ability to challenge his sentence as if for the first time. The government agrees that the court should allow Groves's motion for reconsideration because Groves's motion under § 2255 is not successive, but otherwise argues that the court should deny the § 2255 motion on the merits.

In his § 2255 motion, Groves challenges his sentence based on the following arguments: (1) his appellate counsel rendered ineffective assistance when he failed to challenge the court's use of uncharged drug amounts in correcting petitioner's judgment; (2) the court erred by again imposing a sentence originally imposed in violation of the Sixth Amendment prohibition against

---

[3] The opinion is also available on this docket at Docket Entry 638.

3

Case 5:94-cr-00097-F Document 661 Filed 12/17/15 Page 3 of 9

judicial factfinding; and (3) the court violated Groves's right to counsel when it corrected the judgment without appointing counsel.

## II. LEGAL STANDARD

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend the judgment" if the movant shows (1) there has been an intervening change in the controlling law, (2) there is new evidence that was not available at trial, or (3) there has been a clear error of law or a manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) allows the district court to correct its own errors so as to avoid unnecessary appeals. *See id.* However, parties should not use a Rule 59(e) motion "to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* Courts should use their ability to reconsider sparingly. *Id.*

## III. DISCUSSION

As a preliminary matter, the court allows the motion for reconsideration insofar as the court will consider Groves's § 2255 motion. Groves argues, and the government agrees, that his § 2255 motion is not successive because it challenges a new judgment. The court also agrees. *See Magwood v. Patterson*, 561 U.S. 320, 331-34 (2010) (holding that a second habeas corpus application is not successive where a new judgment intervenes between the first and second habeas corpus applications). Therefore, the Motion for Reconsideration [DE-645] is ALLOWED insofar as the court will consider the petitioner's § 2255 motion. The court now turns to the petitioner's arguments in favor of his § 2255 motion.

### A. Ineffective Assistance of Counsel

In Groves's first argument he claims his appellate counsel rendered ineffective assistance by failing to challenge the court's use of uncharged drug amounts in correcting petitioner's

4

judgment. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *See United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 687-88. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *See id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Groves's first § 2255 claim that his counsel rendered ineffective assistance by failing to challenge the court's use of uncharged drug amounts in resentencing Groves.

Groves's first claim, and indeed his second claim discussed below, appears to be based on an improper reading of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court concluded that the trial court erred when it imposed a seven-year mandatory sentence on a section 924(c) conviction based on the jury not finding that the firearm had been brandished. *Id.* at 2156-59. The Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2162-63. However, the Court also specifically held that its ruling did not mean that "any fact that

5

influences judicial discretion must be found by a jury." *Id.* at 2163. The Court further explained that "[w]e have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.*

Groves is not entitled to relief because *Alleyne* has no impact on the court's ability to apply the advisory sentencing guidelines—that ability includes making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. *See United States v. Benn*, 572 F. App'x 167, 179-80 (4th Cir. 2014) (collecting cases); *see also United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). Groves's statutory maximum was life. Based on the relevant conduct in his presentence investigative report, which the court adopted without change, Groves's guideline sentence range was 360 months to life. Groves faced that guideline range at both his original sentencing and at re-sentencing. The court concludes that Groves's sentence fell within both the statutory and guideline ranges and that Groves was properly sentenced to life. Groves's attorney was not ineffective for failing to raise any issue of judicial factfinding. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Because Groves has made an insufficient showing on the prejudice prong of the *Strickland* standard, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

6

Case 5:94-cr-00097-F   Document 661   Filed 12/17/15   Page 6 of 9

## B. Judicial Factfinding

In Groves's second argument he claims the court erred by again imposing a sentence originally imposed in violation of the Sixth Amendment prohibition against judicial factfinding. As stated above, Groves's second argument appears to be based on an improper reading of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

As the court has explained, the court did not violate the Sixth Amendment's prohibition against judicial factfinding when it again sentenced Groves to life imprisonment. The holding in *Alleyne* does not impact the court's ability to make findings of fact concerning drug weight that do not impact a statutory minimum or maximum. *See Benn*, 572 F. App'x at 179-80 (collecting cases); *see also Booker*, 543 U.S. at 233 ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). Groves's statutory maximum was life. The guideline range was 360 months to life, both at his original sentencing and at re-sentencing. The court's consideration of relevant conduct did not affect the statutory minimum or maximum. Given all available information, the court exercised its discretion to sentence Groves to life imprisonment. That sentence fell within both the statutory and guideline range. Groves's second argument is unavailing.

## C. Appointment of Counsel

In Groves's third argument he claims the court violated his right to counsel when it corrected the judgment without appointing counsel. In support of this argument, Groves cites to *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007), which established the distinction between the habeas corpus and criminal aspects of a § 2255 resentencing or correction of a prisoner's sentence. *See id.* at 664. However, *Hadden* also undermines Groves's third argument that the

7

court erred in correcting his judgment without appointing counsel. In circumstances almost identical to the present case, *Hadden* held that § 2255 "clearly permits: 'correct[ing]' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing].'" *See id.* at 669 (alterations in original). In so holding, *Hadden* rejected the petitioner's argument that "he had an absolute right to such a [resentencing] hearing so that he could have assistance of counsel to raise issues of downward departure." *Id.* at 658. That is, in essence, Groves's third argument, and that argument fails.

Furthermore, Groves has procedurally defaulted his third argument. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (internal citations omitted).

In order to show "cause" for a procedural default, a movant must demonstrate that "some external impediment preventing counsel from constructing to raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception to default, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Groves has made no such arguments.

## IV.  CONCLUSION

For the foregoing reasons, the Motion for Reconsideration [DE-645] is ALLOWED IN PART and DENIED IN PART. The motion is allowed insofar as the court has considered the petitioner's § 2255 motion. However, the court finds that the § 2255 motion is without merit. Therefore, the Motion for Reconsideration [DE-645] is denied insofar as the petitioner asks the court to alter his life sentence. The Motions for Extension of Time [DE-649, -653] and Motion for Judicial Notice [DE-656] are ALLOWED. The Motion to Strike [DE-652] and Motion to Impose Sanctions [DE-650] are DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that the petitioner has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 17 day of December, 2015.

JAMES C. FOX
Senior United States District Judge