IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:94-CR-97-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RICKY LEE GROVES | ) | |

This cause comes before the Court on defendant's *pro se* motion for imposition of a reduced sentence under Section 404 of the First Step Act. [DE 672]. The government has responded in opposition to defendant's motion and the motion is ripe for disposition. For the reasons that follow, defendant's motion for a reduced sentence [DE 672] is denied.

## BACKGROUND

In December 1994, following a jury trial, defendant was found guilty of (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); (2) engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 2); (3) using a firearm during a drug-trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 3); (4) four counts of trading food stamps for crack, in violation of 7 U.S.C. § 2024(b) and 18 U.S.C. § 2 (Counts 61, 68, 69, 71, 73); and more than a dozen substantive crack offenses (Counts 4–11, 21, 31–34). [DE 26, 146]. In January 1995, upon the government's motion, the Court dismissed the drug conspiracy charge and the substantive drug charges, given that they were lesser-included offenses in the continuing criminal enterprise offense. [DE 155]. Defendant was therefore sentenced for the continuing criminal enterprise conviction, the § 924(c) conviction, and the four counts of trading food stamps for crack. [DE 665].

Defendant's presentence investigation report (PSR) determined that, under the applicable guideline for a continuing criminal enterprise, defendant's base offense level was a 42. *Id.* ¶ 49. Based on a total offense level of 42 and a criminal history category of IV, defendant's guideline range of imprisonment was 360 months' to life. *Id.* ¶ 72. In February 1995, the Court sentenced defendant to life imprisonment on Count 2 for engaging in a continuing criminal enterprise, 60 months, to be served consecutively, on Count 3, and 60 months, to be served concurrently, on the remaining counts. [DE 174]. Defendant's conviction on Count 3 was later vacated, but his life sentence remained. [DE 612]. In January 2017, defendant received an Executive Grant of Clemency that reduced his sentence from life to 360 months' imprisonment. [DE 669].

In August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, modifying the statutory penalties for certain crack offenses. The Fair Sentencing Act established new thresholds for mandatory minimum sentences. Previously, a defendant found responsible for at least 50 grams of crack faced a mandatory minimum of 10 years' imprisonment; the Fair Sentencing Act raised the threshold to 280 grams. The Fair Sentencing Act, however, was not made retroactive, so it was inapplicable to individuals who had already been sentenced and who were no longer on direct review. In December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which—among other things—made the Fair Sentencing Act's new crack thresholds retroactively applicable to defendants who had been sentenced prior to August 3, 2010.

In March 2019, relying on the First Step Act and the newly retroactive crack thresholds, defendant moved for a reduced sentence. [DE 672]. Pursuant to the Court's First Step Act standing order, 19-SO-3, the Office of the Federal Public Defender (FPD) appeared to represent defendant and determine whether he could qualify for relief under the Act. [DE 674, 675]. In May, FPD

determined that it did not intend to present any motions on defendant's behalf and was granted permission to withdraw. [DE 676–78]. In June, the government responded in opposition to defendant's motion for a reduced sentence, arguing that defendant is ineligible for a reduced sentence under Section 404 of the First Step Act because he was not sentenced for a covered offense. [DE 681]. Defendant's motion for a reduced sentence under the First Step Act is ripe for disposition.

## DISCUSSION

The First Step Act authorizes courts to impose reduced sentences "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a). But the First Step Act also provides that courts shall not reduce a sentence if it "was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce a sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.* § 404(c). But the First Step Act also makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

In other words, if a defendant committed a crack offense prior to August 3, 2010, the statutory penalties for which were modified by the Fair Sentencing Act, and that defendant did not already receive the benefit of the Fair Sentencing Act or have a prior motion under § 404 of the First Step Act denied on the merits, the defendant is facially eligible for a reduced sentence. Even

3

if a defendant is facially eligible, however, courts retain the discretion to decline to impose a reduced sentence.

Here, the government argues that, and the Court agrees, that defendant is not eligible for a reduced sentence under Section 404 of the First Step Act because he was not sentenced for committing a covered offense. Defendant was sentenced under 21 U.S.C. § 848 for engaging in a continuing criminal enterprise and faced a 20-year mandatory minimum. He was not sentenced for violating any criminal statute the penalties for which were modified by the Fair Sentencing Act. Put simply, the fact that the Fair Sentencing Act modified the crack thresholds, and the First Step Act made those new thresholds retroactively applicable to defendant, is irrelevant to the sentence that defendant is serving. Thus, defendant is ineligible for relief under Section 404 of the First Step Act, and his motion for a reduced sentence is denied.

## CONCLUSION

For the above reasons, defendant's motion for a reduced sentence [DE 672] is denied

SO ORDERED, this 26 day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4